UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| RAIMA INC., | Case No. |
| Plaintiff, | **COMPLAINT FOR BREACH OF CONTRACT** |
| v. | **JURY DEMAND** |
| MYRIAD FRANCE SAS, | |
| Defendant. | |

# COMPLAINT FOR BREACH OF CONTRACT

Raima Inc. ("Raima"), by and through its undersigned counsel, hereby brings the following Complaint against Myriad France SAS ("Myriad") seeking injunctive relief and damages:

## NATURE OF ACTION

1. This is an action for breach of contract and copyright infringement.

## THE PARTIES

2. Plaintiff Raima is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business at 720 3rd Avenue #1100, Seattle, WA 98104.

3. Raima is the successor-in-interest and assignee of Birdstep Technology Inc. ("Birdstep") for all of the rights under the agreement at issue in this case.

4. Defendant Myriad is a French corporation with a registered office at Bâtiment Athena, 73371 Le Bourget du Lac, France.  Myriad was formerly known as Purple Labs S.A. (hereinafter both Myriad and Purple Labs are referred to as "Myriad").

5. Myriad is a wholly owned subsidiary of Myriad AG.

## JURISDICTION AND VENUE

6. This is an action for breach of contract and copyright infringement.  This Court has jurisdiction over this action pursuant to:

   a. 28 U.S.C. §§ 1331 and 1338, because this action alleges violations of federal statutes, including 17 U.S.C. § 101, et seq.;

   b. additionally or alternatively, 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and

   c. 28 U.S.C. §§ 1338 and 1367 (supplemental jurisdiction), because the claims

COMPLAINT FOR BREACH OF CONTRACT
Page 1

Woodcock Washburn LLP
999 Third Avenue
Suite 3600
Seattle, WA  98104
Phone:  206-332-1380
Fax:  206-624-7317

alleged under state law or French copyright law are so related to claims in this action over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. The Court has personal jurisdiction over Myriad because the defendant consented to jurisdiction here in an agreement between the parties, namely, a 2004 Software License Agreement and Product and Pricing Addendum (collectively "the License."). A true and correct copy of the License is attached hereto as Exhibit A.

8. This Court also has personal jurisdiction over Myriad because it has engaged in copyright infringement that has harmed plaintiff, thereby intending to cause harm in this district.

9. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400. As per the terms of the License, Myriad has expressly agreed that any dispute arising out of or related to the License would be subject to the exclusive jurisdiction of this Court in the case of federal jurisdiction. Exhibit A at ¶ 10. Since Myriad has consented to the jurisdiction of this Court it may be found in this district. Venue is also proper in this district under 28 U.S.C. § 1391 because plaintiff is located in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district, and./or a substantial part of the property that is the subject of the action is situated in this district.

## FACTUAL BACKGROUND

10. Raima is a provider of high-performance, always-on database technology for both in-memory database usage and persistent storage devices. Raima delivers database solutions tailored for the following application types: Mobile, Embedded, Desktop and Server, and Enterprise Lite. Its products are used worldwide in a wide range of data management solutions in industrial automation systems, military flight control systems, telecom routers and switches, financial trading systems, medical equipment, data backup

COMPLAINT FOR BREACH OF CONTRACT
Page 2

Woodcock Washburn LLP
999 Third Avenue
Suite 3600
Seattle, WA 98104
Phone: 206-332-1380
Fax: 206-624-7317

solutions, and consumer electronic devices.

11. Myriad is a software and app provider in the mobile phone sector. It is a wholly owned subsidiary of Myriad AG, which is headquartered in Zurich, Switzerland, and which has offices in, among others, Switzerland, France, the United Kingdom, and the United States.

12. Effective December 31, 2004, Raima's predecessor-in-interest, Birdstep, and Myriad entered into a License concerning Birdstep's RDM Mobile 3.x and RDM Mobile 4.x products (hereinafter collectively and separately referred to as "the Product").

13. Birdstep's RDM Mobile 3.x source code is contained in its product called RDM Embedded 7.0, which was registered with the U.S. Copyright Office effective April 21, 2010, as U.S. Registration No. TX 7-255-940. A true and correct copy of this certificate of registration is attached hereto as Exhibit B.

14. Under Section 2.1 of the License, Myriad was authorized (1) to license, offer for license, and distribute the Product and (2) to use, license, offer for license, reproduce, and otherwise distribute the Product in object code form only. The term of the License was December 31, 2004 to December 30, 2007. *See* Exhibit A, Product and Pricing Addendum, Section 1.

15. According to Section 12.3 of the License, Myriad agreed that "upon expiration or termination of a Product and Pricing Addendum, [Myriad] will (and will cause its Additional Resellers to) immediately cease all use, reproduction, and distribution of the Product…." According to Section 1 of the License, "'Additional Resellers' means a reseller of [Myriad's software applications identified in the Product and Pricing Addendum] that contains the Product as an embedded or bundled component." See

COMPLAINT FOR BREACH OF CONTRACT
Page 3

Woodcock Washburn LLP
999 Third Avenue
Suite 3600
Seattle, WA 98104
Phone: 206-332-1380
Fax: 206-624-7317

Exhibit A.

16. Under Section 10 of the License, the parties agreed that the License would be construed according to the law of the State of Washington, USA, and that "[a]ny dispute arising out of or related to this [License] will be subject to the exclusive jurisdiction and venue of … the United States District Court for the Western District of Washington." *See* Exhibit A.

17. Under Section 18.6, the parties agreed that any and "[a]ll notices, requests, or other communication under [the License] will be in writing … to the address of the parties set farther on the first page of [the License]], or to such other addresses as provided in writing by a party." With regard to Raima, all notices were to be directed to Steinar Sande of Birdstep (later Raima) in Seattle, Washington.

18. Pursuant to Section 18.3, Sections 5 through 18 of the License survive termination of the License. *See* Exhibit A.

19. As agreed upon by the parties, the License expired on December 30, 2007.

20. In December 2011, Myriad contacted Raima for permission to distribute source code to one of its customers, Thales Group ("Thales").

21. No later than December 2011, Thales distributed goods containing RDM Mobile 3.x.

22. In December 2011, Raima learned that Thales had been distributing goods containing RDM Mobile 3.x.

23. Thales' distributions of goods containing RDM Mobile3.x took place in France.

24. In December 2011, Raima advised Myriad that, per the terms of the License, all distribution of the Product by Myriad and/or its resellers was supposed to have immediately ceased as of December 30, 2007.

25. Notwithstanding Raima's notice to Myriad that it was in violation of the License and that

COMPLAINT FOR BREACH OF CONTRACT
Page 4

Woodcock Washburn LLP
999 Third Avenue
Suite 3600
Seattle, WA 98104
Phone: 206-332-1380
Fax: 206-624-7317

it was engaging in copyright infringement, Myriad has refused to cease distributing infringing products and refused to compensate Raima for its unauthorized distributions of Raima's software.

26. On May 14, 2012, Raima sent letters to both Myriad and Thales, demanding that all distribution of the unauthorized product cease until a new license could be negotiated.

27. Notwithstanding said notices, Myriad and Thales have refused to cease distribution, copying, and use of the goods containing the Product.

28. On June 7, 2012, Myriad instituted a civil action before the Commercial Court of Chambery, France, alleging commercial, reputational, and moral harm due to Raima's contact with Thales.

29. The lawsuit is frivolous and, even if it were not frivolous, it should not have been brought in France.

**COUNT I:  BREACH OF CONTRACT**

30. Raima realleges and incorporates by reference the allegations stated in Paragraphs 1 through 25 of this Complaint.

31. Raima fulfilled all of its obligations under the License.

32. Myriad has breached the License by, among other things, failing to immediately cease and failing to cause its resellers to cease all use, reproduction, and distribution of the Product when the License expired on December 30, 2007.

33. As a direct and proximate result of Myriad's breaches, Raima was caused to sustain harm, including pecuniary harm.

**COUNT II:  COPYRIGHT INFRINGEMENT
(DIRECT, VICARIOUS AND CONTRIBUTORY)
17 U.S.C. § 501, ET SEQ.**

34. Raima realleges and incorporates by reference the allegations stated in Paragraphs 1 through 23 of this Complaint.

COMPLAINT FOR BREACH OF CONTRACT
Page 5

Woodcock Washburn LLP
999 Third Avenue
Suite 3600
Seattle, WA  98104
Phone:  206-332-1380
Fax:  206-624-7317

35. Raima owns and has copyrights in its Product. The requirements for submitting applications for copyright registrations for specific portions of the website were satisfied before this action was filed. A true and correct copy of its copyright registration is attached hereto as Exhibit B.

36. After the expiration of the License, Myriad distributed goods containing the RDM Mobile 3.x to the Customer.

37. Upon information and belief, Myriad advised Thales that Myriad had all necessary licenses and authorizations related to the Product, and Thales further distributed the Product to the end consumer. By providing such assurance to Thales, Myriad induced, caused, or materially contributed to the infringing conduct of Thales.

38. At all times relevant, Myriad obtained a direct financial benefit from the infringement and had the right and ability to control the infringing conduct, and/or intentionally induced, encouraged, caused or materially contributed to the infringement.

39. The foregoing acts of Myriad constitute direct infringement, vicarious infringement and/or contributory infringement of Raima's exclusive rights in the Product, including RDM Mobile 3.x, under 17 U.S.C. § 106.

40. Myriad's actions were and are intentional, willful, wanton and performed in conscious disregard of Raima's rights.

41. Raima has been and will continue to be damaged, and Myriad has been unjustly enriched, by Myriad's unlawful infringement of Raima's copyrighted works in an amount to be proven at trial.

42. Myriad's conduct also has caused irreparable and incalculable harm and injuries to Raima, and, unless enjoined, will cause further irreparable and incalculable injury, for

COMPLAINT FOR BREACH OF CONTRACT
Page 6

Woodcock Washburn LLP
999 Third Avenue
Suite 3600
Seattle, WA 98104
Phone: 206-332-1380
Fax: 206-624-7317

which Raima has no adequate remedy at law.

43. Raima is entitled to the relief provided by 17 U.S.C. §§ 502-505, including, but not limited to, injunctive relief, an order for the impounding and destruction of all Myriad's infringing copies and/or derivative works, compensatory damages (including, but not limited to actual damages and/or Myriad's profits), the maximum statutory damages, punitive damages, and Raima's costs and attorneys' fees in amounts to be determined at trial.

### COUNT III:  ALTERNATIVE COPYRIGHT INFRINGEMENT (ARTICLES L111-4, L122-1, L122-4, L122-6, L335-2 & L335-3 OF THE CODE OF INTELLECTUAL PROPERTY OF FRANCE)

44. Raima realleges and incorporates by reference the allegations stated in Paragraphs 1 through 23 and 30-39 of this Complaint.

45. At least some of Myriad's and Thales' unauthorized distribution, reproduction, and use of the Product occurred in France.

46. Myriad's distribution, reproduction, and use of the Product to Thales after 2007 exceeded the scope of the License.

47. Pursuant to the reciprocity provisions of Article L111-4 of the Code of Intellectual Property of France, Raima's Product, which was created in the U.S., is entitled to protection under French law for acts of infringement occurring in France.

48. The foregoing acts of Myriad constitute infringement of Raima's exclusive rights in the Product under Articles L122-1, L122-4, L122-6, L335-2 and L335-3 of the Code of Intellectual Property of France.

49. Myriad actions were and are intentional, willful, and wanton and performed in conscious disregard of Raima's rights.

50. Raima has suffered damages in an amount to be established after proof at trial or in the

COMPLAINT FOR BREACH OF CONTRACT
Page 7

Woodcock Washburn LLP
999 Third Avenue
Suite 3600
Seattle, WA  98104
Phone:  206-332-1380
Fax:  206-624-7317

statutory amount

51. Raima is further entitled to disgorgement of Myriad's products for its willful sales and unjust enrichment.

**COUNT IV: ABUSE OF PROCESS/MALICIOUS PROSECUTION**

52. Raima incorporates by reference paragraphs 1-25 above as if set forth fully herein.

53. Myriad had an ulterior purpose in instituting its lawsuit in France that was to accomplish an object not within the proper scope of that lawsuit. The lawsuit was filed not to proceed on the merits, but rather to attempt to extort a license from Raima.

54. Following institution of the French lawsuit, Myriad engaged in communications in which it used the existence of the lawsuit to pressure Raima into providing a license for free to Myriad and Thales, knowing that they were not entitled to use Raima's software for nothing.

55. In so doing, Myriad misused or misapplied the French lawsuit for an end other than that which it was designed to accomplish.

56. Myriad has engaged in the tort of abuse of process, and Raima has been harmed by Myriad's conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Raima respectfully requests that the Court enter judgment in its favor and against Myriad as follows:

a) an order requiring Myriad to pay Raima royalties for any and all unauthorized reproductions and/or distributions of the Product;

b) a preliminary injunction and permanent injunction enjoining and restraining Myriad, its employees, representatives, agents, and all persons or entities acting in concert with him during the pendency of this action and thereafter perpetually from reproducing, distributing, and/or creating derivative works containing the Product;

c) an order requiring Myriad to account for, hold in constructive trust, pay over to Raima,

COMPLAINT FOR BREACH OF CONTRACT
Page 8

Woodcock Washburn LLP
999 Third Avenue
Suite 3600
Seattle, WA  98104
Phone:  206-332-1380
Fax:  206-624-7317

and otherwise disgorge all profits derived by Myriad from its unlawful conduct and unjust enrichment as permitted by law;

d) Awarding costs and attorney's fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

e) an award to Raima of damages, including, but not limited to, compensatory, statutory, and punitive damages, as permitted by law; and an award of prejudgment and post-judgment interest;

f) such other relief as the Court deems just and proper.

**JURY DEMAND**

Raima hereby requests trial by jury on all issues so triable.

Dated: July 6, 2012

WOODCOCK WASHBURN LLP

By: s/Michael J. Swope
Michael J. Swope, WSBA No. 31956
Woodcock Washburn LLP
999 Third Avenue
Suite 3600
Seattle, WA 98104
Telephone: (206) 332-1380
Fax: (206) 624-7317
Email: swope@woodcock.com

Attorneys for Plaintiff Raima Inc.

COMPLAINT FOR BREACH OF CONTRACT
Page 9

Woodcock Washburn LLP
999 Third Avenue
Suite 3600
Seattle, WA 98104
Phone: 206-332-1380
Fax: 206-624-7317

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System.

By: s/Michael J. Swope
Michael J. Swope, WSBA No. 31956
Woodcock Washburn LLP
999 Third Avenue
Suite 3600
Seattle, WA 98104
Telephone: (206) 332-1380
Fax: (206) 624-7317
Email: swope@woodcock.com

Attorneys for Plaintiff Raima Inc.

COMPLAINT FOR BREACH OF CONTRACT
Page 10

Woodcock Washburn LLP
999 Third Avenue
Suite 3600
Seattle, WA 98104
Phone: 206-332-1380
Fax: 206-624-7317